# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DANIEL CASTANEDA-MARTINEZ,

    Defendants.

2:08-CR-347 JCM (PAL)

## ORDER

Presently before the court is defendant Daniel Castaneda-Martinez's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. (Doc. # 181). On June 4, 2012, the court ordered the government to respond (doc. # 184) and the government filed a response on June 27, 2012 (doc. # 187).

**I.**     **Failure to Comply with Local Rule & Court Order to Show Cause**

Nevada Local Rule 1A 10-2 states that "[a]n attorney who is not a member of the Bar of this Court, who has been retained or appointed to appear in a particular case, may do so only with permission of this Court. Application for such permission shall be by verified petition on the form furnished by the Clerk." LR 1A 10-2(a). An attorney shall have 14 days after their first appearance in criminal cases to comply with this rule. LR 1A 10-2(f). Further, an attorney shall have 45 days after their first appearance in civil cases to comply with this rule. LR 1A 10-2(e).[1] Failure to comply with this rule may result in striking of any and all documents previously filed by such attorney, the

---

[1] The court makes note of this longer period to comply due to the unique nature of § 2255 motions.

James C. Mahan
U.S. District Judge

imposition of sanctions, or both. LR 1A 10-2(k).

On June 4, 2012, the court ordered counsel for defendant, David Arredondo, to show cause why the motion to vacate sentence should not be denied for failure to file a verified petition as required by clerk's notice (doc. # 183, 184). To date, Mr. Arredondo has not filed a verified petition or shown cause why the motion to vacate sentence should not be denied for failure to file a verified petition.

Failure to comply with court order and local rules is sufficient grounds to strike the § 2255 motion to vacate. The court, however, based on the circumstances of this case and in recognition of the seriousness of one's loss of liberty, considers this motion despite counsel's unexcused disregard of local rules and this court's order.[2] The court does not take lightly unprofessional attorney conduct, but given the relief sought by Mr. Arredondo's client, this court makes an aberrational exception.

## II. Procedural History

On December 17, 2008, a grand jury indicted Castaneda and three co-defendants with one count of conspiracy to distribute methamphetamine. (Doc. # 24). On September 28, 2009, trial commenced (doc. # 94) and on the third day of trial, Castaneda pled guilty without a plea agreement (doc. # 99).

On January 27, 2010, Castaneda filed a notice of appeal (doc. # 121) and on March 31, 2011, the Ninth Circuit affirmed Castaneda's sentence and conviction (doc. # 163). On March 29, 2012, Castaneda brought the instant motion challenging his detention based on three grounds: 1) that the court erred in denying a downward adjustment of offense level for acceptance of responsibility; 2) that the court erred in its upward adjustment for reckless endangerment; and 3) that Castaneda's

---

[2] The court has serious concerns about counsel's behavior and has, on its own accord, researched counsel's standing with the California State Bar. As of this order, Mr. Arredondo is an active member of the California Bar; however, he has faced previous discipline which has resulted in temporary ineligibility to practice law. While Mr. Arredondo is currently active, these previous disciplinary actions shed light on counsel's behavior in this instance.

counsel failed to adequately investigate the defense. (Doc. # 181, 10).

### III. Discussion

#### A. *Grounds one and two are not suitable for § 2255 motion as each has already been litigated on appeal*

Claims raised on direct appeal may not be raised again in a 28 U.S.C. § 2255 motion. *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985) ("claims will ordinarily not be entertained under § 2255 that have already been rejected on direct review."); *see also Reed v. Farley*, 512 U.S. 339, 358 (1994). However, when there is an intervening change in the law, usually in the form of a new judicial decision narrowing the scope of the statute of conviction, a § 2255 motion on that issue is appropriate even if previously brought on direct appeal. *See Davis v. United States*, 417 U.S. 333 (1947).

Castaneda expressly stated in his § 2255 motion that he already raised the issues of acceptance of responsibility and reckless endangerment on direct appeal. (Doc. # 181, 2). Further, the Ninth Circuit directly addressed both of Castaneda's arguments in its order and found that this court did not err in either instance. (Doc. # 163, ¶¶ 1, 4). Because Castaneda does not present the court with an exception under which it would be appropriate to re-litigate these grounds, the court declines to address these grounds on the merits.

#### B. *Ground three is considered on its merits, but is not sufficient to establish ineffective assistance of counsel*

To prevail on a claim of ineffective assistance of counsel, a defendant must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, a challenger must show that " counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. When considering this claim, a court must apply a "'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, __ U.S. __, 131 S. Ct. 770, 787 (2010) (citations omitted). To show prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S.

at 694.

"Court have generally rejected claims of ineffective assistance premised on a failure to investigate where the record demonstrates that the defendant would have pled guilty despite the additional evidence and where the additional evidence was unlikely to change the outcome at trial." *Lambert v. Blodgett*, 393 F.3d 943, 982-83 (9th Cir. 2004). A district court's findings in accepting a guilty plea "constitute a formidable barrier in any subsequent collateral proceedings" and "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Further, "[s]tatements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea." *United States v. Ross*, 511 F.3d 1233, 1236 (2008) (citations omitted).

Castaneda argues that he gave his trial counsel information that he was "only giving [Jose Ramirez-Alvarez, a co-defendant] a ride on the day of their arrests." (Doc. # 181, 10). Castaneda asserts that Ramirez wanted to testify and provide evidence to this effect but Castaneda's trial counsel "failed to investigate the matter or submit evidence in this regard." (Doc. # 181, 10). To establish this innocent motive, Castaneda relies on a letter from Ramirez to Castaneda that states, in relevant part, that Castaneda "had nothing to do with it." (Doc. # 181, 11). This letter on its own, however, does not establish either deficient performance or prejudice. Thus, the court turns to the trial record to determine if the letter is sufficiently corroborated to establish ineffective assistance of counsel.

In pleading guilty, Ramirez gave no indication that he would have testified that Castaneda was innocent. When the court asked Ramirez whether he and the other defendants conspired to possess methamphetamine with the intent to distribute, Ramirez responded, "yes." (Doc. # 97, 4:19-23). Based on the statements provided by Ramirez at his change of plea hearing, it does not appear that Ramirez wanted to testify or provide evidence to exculpate Castaneda.

Although the letter is provided to show such intention on the part of Ramirez, without being dated or signed, it does little to establish what was known to Castaneda's counsel at the time of trial. Given the "strong presumption" that is given to counsel's representation, *Harrington*, 131 S. Ct. at

- 4 -

787, the court does not find deficient performance on the part of trial counsel as governed by *Strickland*. Because Castaneda has not shown deficient performance, the court need not address prejudice; however, out of fairness, the court considers whether the representation would have prejudiced Castaneda if the performance was deficient.

At Castaneda's change of plea hearing, he initially testified that he did not know anything about a conspiracy and had only given a ride to Ramirez to pick up furniture. (Doc. # 146, 214:11-13). However, when given another chance to clarify his answer, Castaneda stated, "yes," when the court asked if he "agreed with Mr. Ramirez that [he] would have this agreement to possess this methamphetamine with the intent to distribute it" (Doc. # 146, 216:4-7). Provided that "[s]olemn declarations in open court carry a strong presumption of verity," *Blackledge*, 431 U.S. at 74, it is unlikely that even if trial counsel had been deficient in his performance at trial that the "result of the proceeding would have been different," *Strickland*, 466 U.S. at 694. It is uncontested that Castaneda, in open court, admitted to the existence of and his participation in the conspiracy to distribute methamphetamine; and the presumed truthfulness of this admission significantly impacts the weight any exculpatory testimony potentially provided by Ramirez would have been given.

Because the letter cannot, on its own, establish that counsel's alleged deficient performance prejudiced Castaneda and because it not clear from the record that Castaneda would not have pled guilty or, in the alternative, that a jury would not have convicted Castaneda if counsel had investigated Ramirez as a favorable witness, Castaneda's argument falls short of demonstrating prejudice.

**IV.    Certificate of Appealability**

The court declines to issue a certificate of appealability. The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged

with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

    (B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

Under this section, if a court denies petitioner's § 2255 motion, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

The court finds that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to relief under § 2255 debatable, wrong, or deserving of encouragement to proceed further.

Accordingly, the court declines to issue a certificate of appealability.

**V.**     **Conclusion**

Based on the foregoing analysis, grounds one and two are not appropriate for a § 2255 motion, having already been litigated on appeal. Further, Castaneda's third ground fails as he has not met the rigorous standard of *Strickland* to show ineffective assistance of counsel for failure to investigate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Castaneda's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (doc. # 181) be, and hereby is, DENIED.

DATED August 22, 2012.

*/s/ James C. Mahan*
**UNITED STATES DISTRICT JUDGE**

James C. Mahan
U.S. District Judge

- 7 -